HILLSBOROUGH, APRIL TERM, 1823.

### ELI CURTIS *vs.* JOHN CARSON.

Where in an action of trespass for an assault and battery, the defendant pleaded *son assault demesne,* and the plaintiff replied *de injuria sua propria absque tali causa,* &c. upon which issue was joined; it was held to be competent to the plaintiff to shew that the assault, which the defendant made, was outrageous and unnecessary to his defence.

This was an action of trespass for an assault and battery. The defendant pleaded *son assault demesne.* The plaintiff replied *de injuria sua propria absque tali causa,* &c.; on which issue was joined.

The cause was tried here at October term, 1822, when it appeared in evidence, that the plaintiff in fact made the first assault, but it was clearly proved by the plaintiff, that the beating of which he complained was excessive and out of all proportion to the offence committed. The jury returned a verdict for the plaintiff. The defendant moved for a new trial, on the ground that the plaintiff ought not, as the pleadings stood, to have been permitted to shew that the beating was excessive.

RICHARDSON, C. J. The question submitted to our decision in this case is, whether the plaintiff ought to have been permitted, as the pleadings stand, to shew that the assault which the defendant made upon the plaintiff was outrageous and unnecessary to his defence against the attack of the plaintiff?

*Chitty* says, " it is said that if the defendant's battery was " outrageous, or more than was necessary for self defence,

Curtis
*vs.*
Carson.

(1) 1 Chitty's
Pl 563.
(2) 1 Chitty's
Pl. 605.

"that matters should be so replied."(1)  He again says, "if the answer to a plea *of son assault demesne* be that the "defendant was guilty of an immoderate battery, more than "was necessary in self-defence, it may be put upon the "record."(2)

It is said that to a plea of *molliter manus impossuit,* or "a "plea of resistance, or an attempt to rescue, it is competent "to the plaintiff to reply an unjustifiable or a subsequent "battery, as suggested by Kingsmill Justice in the case in "21 H. 7. *que puis cel metter de ses mains le defendant batit le "plaintiff.*"(3)

(3) Willes
17, note.

And *Chitty* says, that in cases of a plea of *son assault demesne,* if the defendant was guilty of an immoderate battery, "it is not unusual to deny the subject matter of the justifi- "cation and also to new assign, although this mode of plead- "ing may be objectionable for duplicity."(4)  And about the time when *Chitty* wrote, it was decided to be double.  10 *East.* 81, *note.*  In 9 *Wentworth* 98, there is the form of a declaration for breaking and entering the plaintiff's house, and making a noise, &c. and a plea that the plaintiff was indebted to the defendant, who peaceably entered to demand payment.  And a new assignment that the defendant broke and entered and made a noise "at other and different times, "in other occasions and in *a greater degree* than was neces- "sary, and after notice to depart."  The case of *Weaver vs. Bush,*(5) was trespass for an assault and battery : the de- fendant pleaded that the plaintiff endeavored with force to enter the defendant's close, whereupon the defendant resist- ed, and if any damage happened, it was *in defence* of the close.  Lord *Kenyon* held the plea good, and said, "A party "may resist and oppose force with force, in defence of his "possession, if necessary ; if the resistance be excessive, "the plaintiff may shew that in a new assignment."

(4) 1 Chitty's
Pl. 605.

(5) 8 D. & E.
78.

*Chitty* makes a quære, whether an immoderate battery should not be stated by replication, instead of a new assign- ment, because it shews the defendant a trespasser *ab initio.* (6)  But it seems to be now the usual practice in England to new assign in such a case.

(6) 1 Chitt.
605, b.

*Chitty* however makes a quære whether in a case like the one now before us, a replication of *de injuria* might not be sufficient.(1) And it seems that the practice in England was formerly so to reply. *Buller N. P.* 18.—*Salk.* 642, *Cockroft vs. Smith.*—*Siderfin* 246, *Dana and Lucy.*— 11 *Mod.* 43.—1 *L. Raymond* 177.

It is said now to be the practice in Massachusetts to reply *de injuria* to a plea of *moderate castigavit* and shew in evidence that the beating was excessive. 15 *Mass. R.* 347, *Hannen vs. Edes.* And we have no doubt that the practice has been in this state, to shew that the assault upon the plaintiff was outrageous, upon pleadings similar to those in this case. And although we are of opinion that in a case like the present, a new assignment is a mere technical and proper answer to a plea of *son assault demesne,* than a replication of *de injuria son propria,* yet we think that the difference between them is not of sufficient importance to justify us in a sudden change of the practice to the prejudice of an individual. The real objection to shewing an excessive battery on a replication of *de injuria,* is that the pleadings do not give the defendant notice that the plaintiff intends to insist on such a battery, and that the defendant may be thus surprised : but a case will very rarely occur, in which a dependant can be actually so surprised. And we are on the whole of opinion that the evidence was properly admitted and that there must be

*Judgment on the verdict.*